Stephen C. McArthur (State Bar No. 277712)
stephen@smcarthurlaw.com
Valerie McConnell (State Bar No. 274159)
valerie@smcarthurlaw.com
THE MCARTHUR LAW FIRM PC
400 Corporate Pointe, 3rd Floor
Culver City, CA 90230
Telephone: (323) 639-4455

Attorneys for Plaintiff
VLADA HAGGERTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADAMUA, LLC, a California Limited Liability Company<br><br>        Plaintiff,<br><br>        vs.<br><br>LVMH MOËT HENNESSY LOUIS VUITTON, S.E.,<br>a French corporation;<br>LVMH MOËT HENNESSY LOUIS VUITTON, INC.;<br>a New York corporation;<br>MAKE UP FOR EVER, LLC;<br>a New York Limited Liability Company and<br>DOES 1 through 10, inclusive,<br><br>        Defendants. | Case: 2:18-cv-128<br><br>**COMPLAINT FOR**<br><br>1. **Copyright Infringement**<br>2. **Federal Trademark Infringement**<br>3. **False Designation of Origin 15 U.S.C.**<br>4. **Common Law Trademark Infringement**<br>5. **California Statutory Unfair Competition**<br>6. **California Common Law Unfair Competition**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Vladamua, LLC ("Vladamua" or "Plaintiff") by and through its undersigned counsel, states as follows for its complaint against Defendants LVMH Moët Hennessy Louis Vuitton, S.E.; LVMH Moët Hennessy-Louis Vuitton, Inc., Make Up For Ever, LLC ("Make Up For Ever" or "MUFE") and Does 1 through 10, inclusive (collectively, the "Defendants") and alleges as follows:

# I. INTRODUCTION

1.    This action arises out of Defendants' intentional and willful decision to infringe Ms. Haggerty's copyrighted "Rose Gold Lip Art" and "Liquid Gold" photographs, as well as her federal and common law trademark rights in "Rose Gold Lip Art" for makeup application services.

2.    Plaintiff Vladamua, LLC is a California-based Limited Liability Company that specializes in providing high-quality makeup application services, photography services, and creating unique works of makeup art. Vladamua's founder, Vlada Haggerty, is a Los Angeles-based makeup artist and photographer whose works of makeup art have been featured in fashion publications and art galleries all over all the world.  Ms. Haggerty is especially well-known for her works of lip art, which feature close-up photographs of lips decorated with unique makeup designs.

3.    Over the past year, Defendant Make Up For Ever has sent multiple written requests to Ms. Haggerty to use her distinctive dripping lip art to promote Make Up For Ever's cosmetics. (*See, e.g.*, **Exhibits 1-2**).

4.    For example, on September 20, 2016, MUFE asked Ms. Haggerty if she was open to "a collaboration for 2017." (**Exhibit 1**).  Ms. Haggerty responded that she was "under an exclusive lip art contract" with another major brand and that her "signature lip looks are off limits."  MUFE responded and asked if there was "a possible work around."  Ms. Haggerty followed up with a phone call and told them that there was not.

5.    After Ms. Haggerty declined MUFE's requests, MUFE went ahead and performed its own unauthorized "work around" and adopted a logo for its new line of "Lustrous" cosmetics directly copied Ms. Haggerty's most famous trademark and copyrighted works. The copy is so similar that it gives consumers the false impression that Ms. Haggerty is collaborating with MUFE when she is not.

6.    MUFE's decision to use a logo for its "Lustrous" brand that is near-

identical to Ms. Haggerty's copyrighted and trademarked works of lip art was deliberate and a result of Ms. Haggerty declining to collaborate with it.

7.    Moreover, the similarities between MUFE's new rose gold dripping lips logo and Ms. Haggerty's works of lip art are undeniable.  As demonstrated by the photos produced below, MUFE simply combined two of Ms. Haggerty's most famous images. The infringing MUFE logo even includes the exact same placement of drips as Plaintiff's copyrighted "Liquid Gold."



*Top Left*: Plaintiff's "Liquid Gold."

*Top Right*: Plaintiff's "Rose Gold Lip Art."

*Bottom*: MUFE's infringing "Lustrous" logo.

8.    Since MUFE began using the Infringing Logo, many consumers have expressed actual confusion as to whether Ms. Haggerty is the source of, or otherwise affiliated with, MUFE's "Lustrous" cosmetics line. Some representative examples are shown below (*See* **Exhibit 3**):

- User "susanmichelle92" wrote, "Is this a collab with @vladamua?[1]  The lip art looks similar to hers."
- User "jessajess_" wrote, "@susanmichelle92 she works for makeup forever." (Mistakenly believing that, due to MUFE's infringement, Ms. Haggerty must work for MUFE).
- User "jackie.a_" wrote, "At first glance I thought it as a collab with @vladamua."
- User "rachaelleahx" wrote, "@vladamua was this done with you at all???"
- User "shayxtreme" wrote, "Hmmm wonder if they are gonna get Sued for copying this Lip Art ..."
- User "nadzhe_gee" wrote, "@shayxtreme i was thinking the same thing . . . at first i thought the caption was gonna say a makeup forever collab with @vladamua."
- User "brxndoncross" wrote, "I definitely thought this had something to do with @vladamua because of the lip art. I don't know man…"
- User "h1pp13th0" wrote, "@brxndoncross I did too!! Soon as I saw it I thought of @vladamua!!"
- User "Natasza Nalewajek" wrote, "I see Vlada's lips" in response to a picture of Defendants' Infringing Logo.

9.    MUFE's deliberate decision to create a logo based on Plaintiff's copyrighted and trademarked works of lip art is further demonstrated by the fact that MUFE's "Lustrous" logo differs significantly from the logo that Defendants used on MUFE's products before they attempted to collaborate with Ms. Haggerty.

---

[1] @vladamua is Ms. Haggerty's Instagram user name.

Historically, MUFE has used a logo consisting of a simple pair of red lips, reproduced below, which bears little resemblance to MUFE's new infringing "Lustrous" logo or to Ms. Haggerty's copyrighted work.



10. Accordingly, due to MUFE's blatant and willful infringement, Plaintiff has no choice but to file this lawsuit seeking damages that it has suffered as a result of MUFE's copyright infringement, trademark infringement, and unfair competition.

## II.   JURISDICTION AND VENUE

11. Plaintiff has asserted a claim for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*, as well as claims for federal trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a). This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1367, and 1338(a).

12. This Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367 in that the state law claims are integrally interrelated with the federal claims and arise from a common nucleus of operative facts, such that the administration Plaintiff's state law claims with the federal claims furthers the interest of judicial economy.

13. This Court has personal jurisdiction over Defendants because they do substantial business and sales in this District. Defendants have purposefully availed themselves and directed their business at opportunities in this District. Moreover, Defendants have committed tortious acts in this District against Plaintiff, whose principal place of business is in this District.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (a) and (b) because a substantial part of the events that are the subject matter of this lawsuit

occurred in this judicial district and Defendants are subject to the Court's personal jurisdiction and therefore reside in this District.

### III.   PARTIES

15.  Plaintiff Vladamua, LLC is a California-based Limited Liability Company with a business address of 5358 Hermitage Avenue, North Hollywood, California 91607.

16.  Upon information and belief, Defendant Make Up For Ever is a New York limited liability company with a business address of 409 West Broadway, New York, New York 10012.  Defendant Make Up For Ever operates as a division of Defendant LVMH Moët Hennessy Louis Vuitton, S.E.

17.  Upon information and belief, Defendant LVMH Moët Hennessy Louis Vuitton, S.E. is an international holding company and French *société anonyme* with a business address of 22 Avenue Montaigne, Paris, 75008, France.  Defendant LVMH Moët Hennessy Louis Vuitton, S.E. owns, in whole or in part, more than sixty brands, including Make Up For Ever.

18.  Upon information and belief, Defendant LVMH Moët Hennessy Louis Vuitton, Inc. is a New York corporation with a business address of 19 East 57th Street, New York, New York 10022.  LVMH Moët Hennessy Louis Vuitton, Inc. operates as a subsidiary of Defendant LVMH Moët Hennessy Louis Vuitton, S.E.

19.  Plaintiff is ignorant of the true names of the other Defendants sued herein as Does 1-10 and, therefore, sue these Doe Defendants by such fictitious names. Additional Doe Defendants are likely to include, among others, additional managers, officers, members, and other individuals who have authorized, condoned, directed, and participated in the decisions(s) to have Defendants Make Up For Ever, LVMH Moët Hennessy Louis Vuitton, S.E., and LVMH Moët Hennessy Louis Vuitton, Inc. infringe Plaintiff's copyright and trademark rights. Plaintiff will amend this Complaint to allege additional Doe Defendants' true

names and capacities when ascertained.

## IV.      Facts Common to All Claims

### Plaintiff's Creation, Publication and Use of "Liquid Gold" and "Rose Gold Lip Art"

20.  Plaintiff Vladamua provides high-quality makeup application services, and unique works of makeup art.  Plaintiff was founded by Vlada Haggerty, a Los Angeles-based makeup artist and photographer who has gained worldwide acclaim for her lip art and photography.

21.  Plaintiff's works of makeup art are displayed on its website, located at https://www.vladamua.com/, as well as on Instagram at https://www.instagram.com/vladamua/, where Plaintiff has nearly 800,000 devoted followers. Plaintiff's work has also been featured by such clients as Disney Style, Pat McGrath Labs, Cover Girl, Smashbox Cosmetics, NYX Cosmetics, Cosmopolitan, Elle, Vogue, Tarte Cosmetics, Black Moon Cosmetics, Jeffree Starr Cosmetics, and Tattoo Junkie Cosmetics.

22.  In May 2015, Ms. Haggerty created two distinctive "dripping lip" makeup looks.  First, she created "Liquid Gold," reproduced below, and published a photograph of that work to her Instagram account on May 5, 2015.  "Liquid Gold" is protected by federal copyright, application number 1-6076941067.



23.  Next, Ms. Haggerty created her iconic "Rose Gold Lip Art," which she published on her Instagram account on May 12, 2015.  "Rose Gold Lip Art" is protected by copyright registration number VA0002037039.

24. "Liquid Gold" and "Rose Gold Lip Art" quickly became popular on Instagram and throughout the beauty and fashion industry.  Since May 2015, numerous publications have featured stories on these unique works of lip art and how Ms. Haggerty created a new "drenched" or "dripping" lip look.  Examples include:

- On March 10, 2016, *Refinery29* published an article entitled, "Meet Instagram's Most Controversial New Makeup Artist," which credited Ms. Haggerty with starting a "new lip trend" consisting of a "dripping, drenched effect," and described her works of lip art as conveying a "pillowy, provocative style."

- On March 9, 2017, *Teen Vogue* published an article entitled, "Makeup Artist Vlada Haggerty Launches Lip Line with Smashbox Cosmetics," which discussed Ms. Haggerty's "infamous rose-gold drip lip" and how her "inventive lip looks have become hugely popular on Instagram."

- On March 9, 2017, *Bustle* published an article entitled, "Who Is Vlada Haggerty? Smashbox's Lip Editor In Chief Is No Newbie To The Makeup World," which stated that Ms. Haggerty is famous for her "lip drips" and "takes the term 'makeup artist' to a whole new level. Not only does she apply the makeup, but she, quite literally, turns it into art as well. One look at her professional website and you'll see just how talented she is."

- On April 12, 2017, *Harper's Bazaar* published an article entitled,

8

"Smashbox Collaborates with the Queen of Lip Art," which explains how Ms. Haggerty has become famous for her "dramatic" lip art, including her "Rose Gold Lip Art."

- On May 17, 2017, *Los Angeles Times* published an article entitled, "Meet Makeup Artist Vlada Haggerty, Smashbox Cosmetics' New 'Lip Editor in Chief,'" which described Ms. Haggerty's lip art as "whimsical and eye-catching" and explained that "Haggerty has mastered conveying the texture of the lip products she uses primarily through a self-taught technique she calls 'the drip.' Scroll her Instagram and it's hard to miss the images of gloss hanging from a bottom lip in mid-drip. It's another signature for the makeup artist…"

25. Ms. Haggerty also began using the "Rose Gold Lip Art" image as a trademark for her makeup services at least as early as May 2015. Ms. Haggerty's "Rose Gold Lip Art" is registered as U.S. federal trademark number 5,296,027.

26. Since May 2015, Ms. Haggerty has invested tremendous time and resources into marketing and promoting her makeup application services under her "Rose Gold Lip Art" logo. Cosmetics products are in the natural zone of expansion for makeup services like Ms. Haggerty's.

27. Ms. Haggerty has assigned her copyright in the "Rose Gold Lip Art" to "Liquid Gold" to Plaintiff Vladamua, as well as her trademark rights in "Rose Gold Lip Art."

28.  All advertising and marketing materials for Plaintiff's makeup application services prominently feature the "Rose Gold Lip" trademark. Representative examples include Plaintiff's website, www.vladahaggerty.com, its Instagram page, www.instagram.com/vladamua, and the signature block of Ms. Haggerty's emails, reproduced below:



(From www.vladahaggerty.com)



(From www.instagram.com/vladamua)



(From Vlada Haggerty's email signature block)

29. Plaintiff's "Rose Gold Lip Art" trademark is inherently distinctive and has developed widespread brand recognition among consumers in California and across the country as the source of high-quality makeup application services.

30. As a result of Plaintiff's extensive advertising and promotion of its makeup application services under the "Rose Gold Lip Art" trademark, this trademark is extremely strong, distinctive, and has acquired extensive and valuable goodwill with consumers as an identifier of superior quality makeup application services.

31. Plaintiff's federal registration of "Rose Gold Lip Art" mark for makeup application services is prima facie evidence that this trademark is valid, and that Plaintiff is entitled to the exclusive use of this mark in commerce throughout the United States for makeup application and related goods and services.

32. Plaintiff also has extensive common law rights in "Rose Gold Lip Art" trademark due to Ms. Haggerty's continuous use of this mark in commerce in interstate commerce since at least as early as May 2015.

**Defendants' Requests to Use Plaintiff's Lip Art**

33. By way of Plaintiff's public display of "Liquid Gold" and "Rose Gold Lip Art" on her website, Instagram and other significant media exposure, Defendants had access to Plaintiff's copyrighted "Liquid Gold" and "Rose Gold Lip Art" photos and were aware of her authorship and ownership in these photos.

34. Defendants were also well aware that Plaintiff used the single photo from "Rose Gold Lip Art" as a trademark for makeup application services.  Defendants had this knowledge from Plaintiff's extensive promotion of its makeup application services under this mark, as well as from Defendants' prior dealings with Plaintiff. As described below, Defendants have expressed admiration for Ms. Haggerty's lip art and have repeatedly asked her to use her distinctive lip art to promote Defendants' cosmetics.

35. On September 20, 2016, Nancy Lan from Defendant Make Up For Ever's

Brand Marketing team emailed Ms. Haggerty, asking if she was "open to the possibility of a collaboration for 2017." In that email, Ms. Lan also told Ms. Haggerty, "I am huge fan - your creations are so inspiring and beautiful! I've been following your Instagram for quite some time now and your passion for artistry and lips really comes through your work. Your aesthetic and attention to detail is incredible." Ms. Lan's email correspondence with Ms. Haggerty is attached as **Exhibit 1**.

36. Ms. Haggerty emailed Ms. Lan a response on September 20, 2016, in which Ms. Haggerty declined to collaborate with Defendants on her signature dripping-lips look since Ms. Haggerty was already under an exclusive contract with Smashbox Cosmetics. Ms. Haggerty's email to Ms. Lan contained Plaintiff's "Rose Gold Lip Art" trademark in the signature block. (*See* **Exhibit 1**). Therefore, as demonstrated by the foregoing correspondence, Defendants were aware of and desired Plaintiff's protected intellectual property since at least September 20, 2016.

37. Ms. Lan followed up with a phone call to Ms. Haggerty on September 28, 2016 to further discuss the possibility of using Plaintiff's lip art to promote Defendants' cosmetics, but Ms. Haggerty once again declined this opportunity.

38. A few months later, on January 5, 2017, Ms. Haggerty was contacted by the Internet media company Buzzfeed and asked whether she could create lip art for a series of videos promoting Defendants' cosmetics. The Buzzfeed representative stated that Defendant Make Up For Ever requested Ms. Haggerty collaboration because she is "the lip pro." Ms. Haggerty declined this request. The email correspondence between Buzzfeed and Ms. Haggerty is attached as **Exhibit 2**.

### Defendants' Infringement of Plaintiff's Copyright in "Liquid Gold" and "Rose Gold Lip Art"

39. After Ms. Haggerty repeatedly declined Defendants' requests for Plaintiff's iconic lip art, Defendants decided to use an image that is substantially

similar to Plaintiff's "Liquid Gold" and "Rose Gold Lip Art" to promote their cosmetics.

40. On or about September 19, 2017, Defendants launched their "Lustrous" makeup brand which sells lipstick, lip gloss, brushes and related cosmetic products. Defendants' "Lustrous" makeup products include "Lustrous Artist Rouge Set," "Lustrous Faves," "Lustrous Brush Set," and "Lustrous Shadow Palette."

41. Defendants' "Lustrous" makeup products are sold in packages that feature an image of rose gold lips (hereinafter "the Infringing Logo"). Examples of packaging for Defendants' "Lustrous" makeup products are reproduced below:




Source: www.makeupforever.com

42. Defendants' Infringing Logo mimics the "dripping" or "drenched" lip look, which is distinctive of Plaintiff's "Liquid Gold" and Rose Gold Lip Art." As demonstrated by the following side-by-side comparison, Defendants' Infringing Logo is substantially similar to Plaintiff's "Liquid Gold" and "Rose Gold Lip Art:"



*Top Left:* "Liquid Gold." *Top Right:* "Rose Gold Lip Art"
*Bottom:* Infringing Logo

43. Defendants' Infringing Logo replicates the overall look and feel of both "Liquid Gold" and "Rose Gold Lip" Art. Like Plaintiff's copyrighted works, Defendants' Infringing Logo consists of a pair of parted lips that are "drenched" or "dripping" in metallic lip gloss. The Infringing Logo also borrows distinctive elements from both "Liquid Gold" and "Rose Gold Lip Art." The Infringing Logo has the same rose gold hue as "Rose Gold Lip Art" and identically mimics the placement of "drips" of lip gloss that are seen on the bottom lip of "Liquid Gold."

44. In addition, the Infringing Logo features the same highlights and distinctive texture of "Liquid Gold." It appears that Defendants took the "Liquid Gold" photo and used it as a model to create the Infringing Logo, as demonstrated by the following side-by-side comparison. The red circles in the comparison below show examples of how the Infringing Logo and Liquid Gold share identical textures and highlighting, indicating that the Infringing Logo is actually an edited copy of the Liquid Gold photograph:



*Left:* "Liquid Gold." *Right:* Infringing Logo

45. Since at least September 2017, Defendants have widely distributed, used, and displayed the Infringing Logo to untold millions of people by using the Infringing Logo on their "Lustrous" cosmetics products, on their websites and social media sites, including https://www.makeupforever.com/us/en-us/, and on the websites of their distributors, including https://www.sephora.com/product/lustrous-faves-P423704.

46. None of the Defendants have a license to use, display, duplicate, or create derivative works of "Liquid Gold" or "Rose Gold Lip Art." Nonetheless, Defendants continue to use, display, and distribute the Infringing Logo, despite knowledge of Plaintiff's copyright ownership in "Liquid Gold" and "Rose Gold

Lip Art."

## <u>Defendants' Infringement of Plaintiff's Trademark Rights in "Rose Gold Lip Art"</u>

47. Defendants' "Lustrous" makeup products appeal to the same consumers as Plaintiff's high-quality makeup application services. Plaintiff relies on the same marketing channels, including the same beauty and fashion publications, bloggers, and social media influencers, to promote its high-quality makeup application services that Defendants use to promote their "Lustrous" makeup products. In particular, both Plaintiff and Defendant Make Up For Ever rely heavily on Instagram to advertise and promote their makeup businesses. Defendant Make Up For Ever promotes its cosmetics products by posting photos of different makeup looks everyday under the Instagram name "makeupforeverofficial" to its four million followers.

48. Defendants' use of the Infringing Logo has caused actual consumer confusion. This consumer confusion has been intensified by the fact that Defendants' Infringing Logo differs significantly from the logo that Defendants have historically use on their cosmetics. As demonstrated below, the logo on Make Up For Ever's products usually consists of a pair of bright red lips, which are not "dripping" like Plaintiff's "Rose Gold Lip Art," or the Infringing Logo:



Source: https://www.makeupforever.com/us/en-us

49. Defendant Make Up For Ever consistently used the logo, above, on its cosmetics during the period of September 2016 through January 2017 when it repeatedly asked Ms. Haggerty to create lip art for its products. Only after Ms. Haggerty rejected Defendants' requests for her lip art did Defendants deviate from this logo and adopt the Infringing Logo as an attempt to "work around" Ms.

Haggerty's contractual obligations.

50. Since Defendants began using the Infringing Logo, many consumers have expressed actual confused as to whether Plaintiff is the source of, or otherwise affiliated with, Defendants' "Lustrous" cosmetics.  For example, in response to an Instagram post by user "trendmood1" promoting Defendants' "Lustrous" Shadow Palette, the following consumers remarked on the striking similarities between Defendants' Infringing Logo and Plaintiff's trademark and expressed confusion regarding Plaintiff's contribution to this product (attached hereto as **Exhibit 3**; all typos and errors left in their original format):

- User "susanmichelle92" wrote, "Is this a collab with @vladamua?[2]  The lip art looks similar to hers."
- User "jessajess_" wrote, "@susanmichelle92 she works for makeup forever." (Mistakenly believing that Plaintiff works for Make Up For Ever).
- User "jackie.a_" wrote, "At first glance I thought it as a collab with @vladamua."
- User "rachaelleahx" wrote, "@vladamua was this done with you at all???"
- User "shayxtreme" wrote, "Hmmm wonder if they are gonna get Sued for copying this Lip Art ..."
- User "nadzhe_gee" wrote, "@shayxtreme i was thinking the same thing . . . at first i thought the caption was gonna say a makeup forever collab with @vladamua."
- User "brxndoncross" wrote, "I definitely thought this had something to do with @vladamua because of the lip art. I don't know man…"
- User "h1pp13th0" wrote, "@brxndoncross I did too!! Soon as I saw it I thought of @vladamua!!"

51. Likewise, when "trendMood1" published a post promoting Defendants' "Lustrous" Shadow Palette on Facebook, a user commented, "I see Vlada's lips" in

---

[2] @vladamua is Plaintiff's Instagram user name.

response to a picture of Defendants' Infringing Logo.  (*See* **Exhibit 3**).

52. In addition, Ms. Haggerty has received messages from customers and social media followers, asking whether Plaintiff is the source of, or contributed to, Defendants' "Lustrous" brand of cosmetics.  For example, one unaffiliated third-party sent Ms. Haggerty a message, inquiring whether Plaintiff was "collabing on a palette" with Make Up For Ever.  The third-party expressed further confusion over the fact that the lips in Make Up For Ever's logo are normally red but the ones on their "Lustrous" cosmetics are "rose gold." (*See* **Exhibit 4**, attached hereto.)

53. Another unaffiliated third party asked whether Plaintiff had "team[ed] up" with Defendants on their Lustrous collection.  The third party explained that the packaging on Defendants' Lustrous makeup products "reminded me so much of your [Plaintiff's] metallic lip" that she assumed that Plaintiff had "done a collab" with Defendants. (*See* **Exhibit 5**, attached hereto.)

54. Defendants are continuing to use the Infringing Logo to sell and promote their "Lustrous" brand cosmetics products, despite knowledge of Plaintiff's use of the "Rose Gold Lip Art" trademark.

55. Defendants must now answer for their infringing conduct, which will include an injunction barring all future use of the Infringing Logo, Plaintiff's actual damages for the copyright and trademark infringement, disgorgement of Defendants' profits from selling their "Lustrous" makeup products under the Infringing Logo, and enhanced damages for the Defendants' willful infringement.

## FIRST CAUSE OF ACTION

### (Federal Copyright Infringement of "Rose Gold Lip Art")

56. Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

57. This Count arises under the Copyright Act of 1976, Title 17 United States Code §101 *et seq*.

58. "Rose Gold Lip Art" is a wholly original, creative work that constitutes

copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 *et seq*. Plaintiff owns the exclusive rights and privileges in and to "Rose Gold Lip Art," which is protected by federal copyright registration number VA0002037039.

59. By distribution, display and use of their Infringing Logo, Defendants intentionally copied, displayed, and used "Rose Gold Lip Art" and created substantially similar derivate works of "Rose Gold Lip Art." Defendants had access to "Rose Gold Lip Art" by virtue of its distribution online on Instagram and on Plaintiff's website, as well as through other social media sites and publications that have displayed "Rose Gold Lip Art" with Plaintiff's permission.

60. Defendants have widely distributed, used, and displayed the Infringing Logo to untold millions of people by using the Infringing Logo on their "Lustrous" cosmetics products, on their websites and social media sites, including https://www.makeupforever.com/us/en-us/, and on the websites of their distributors.

61. By their actions alleged above, Defendants have infringed Plaintiff's copyright in "Rose Gold Lip Art" by, *inter alia*, copying "Rose Gold Lip Art," creating substantially similar derivate works of "Rose Gold Lip Art," and publicly displaying and distributing the Infringing Logo without any authorization or other permission from Plaintiff. Defendants have violated Plaintiff's exclusive rights under 17 U.S.C. § 106.

62. Defendants are aware of Plaintiff's copyright in "Rose Gold Lip Art" and their copyright infringement has been deliberate and with willful disregard to Plaintiff's intellectual property rights.

63. Defendants have realized unjust profits, unjust enrichment, gains and advantages as a proximate result of their infringement in an amount not yet to be determined.

64. As a direct and proximate result of the Defendants' willful copyright infringement, Plaintiff has suffered actual damages. Plaintiff is entitled to actual

damages as well as any gains, profits, and advantages obtained by the Defendants as a result of its acts of infringement and their use and publication of the copied materials, 17 U.S.C. § 504(b).  Alternatively, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. §504(c) for Defendants' infringement.

65.  Plaintiff is also entitled to attorneys' fees and full costs of suit pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION

### (Federal Copyright Infringement of "Liquid Gold")

66.  Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

67.  This Count arises under the Copyright Act of 1976, Title 17 United States Code §101 *et seq*.

68.  "Liquid Gold" is a wholly original, creative work that constitutes copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 *et seq*. Plaintiff owns the exclusive rights and privileges in and to "Liquid Gold," which is protected by federal copyright, application number 1-6076941067.

69.  By distribution, display and use of their Infringing Logo, Defendants intentionally copied, displayed, and used "Liquid Gold" and created substantially similar derivate works of "Liquid Gold."  Defendants had access to "Liquid Gold" by virtue of its distribution online on Instagram and on Plaintiff's website, as well as through other social media sites and publications that have displayed "Liquid Gold" with Plaintiff's permission.

70.  Defendants have widely distributed, used, and displayed the Infringing Logo to untold millions of people by using the Infringing Logo on their "Lustrous" cosmetics products, on their websites and social media sites, including https://www.makeupforever.com/us/en-us/, and on the websites of their distributors, including https://www.sephora.com/product/lustrous-faves-P423704.

71.  By their actions alleged above, Defendants have infringed Plaintiff's

copyright in "Liquid Gold" by, *inter alia*, copying "Liquid Gold," creating substantially similar derivate works of "Liquid Gold," and publicly displaying and distributing the Infringing Logo without any authorization or other permission from Plaintiff.  Defendants have violated Plaintiff's exclusive rights under 17 U.S.C. § 106.

72. Defendants are aware of Plaintiff's copyright in "Liquid Gold" and their copyright infringement has been deliberate and with willful disregard to Plaintiff's intellectual property rights.

73. Defendants have realized unjust profits, unjust enrichment, gains and advantages as a proximate result of their infringement in an amount not yet to be determined.

74. As a direct and proximate result of the Defendants' willful copyright infringement, Plaintiff has suffered actual damages. Plaintiff is entitled to actual damages as well as any gains, profits, and advantages obtained by the Defendants as a result of its acts of infringement and their use and publication of the copied materials, 17 U.S.C. § 504(b).  Alternatively, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. §504(c) for Defendants' infringement.

75. Plaintiff is also entitled to attorneys' fees and full costs of suit pursuant to 17 U.S.C. § 505.

## THIRD CAUSE OF ACTION

### (Federal Trademark Infringement Under 15 U.S.C. § 1114)

76. Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

77. Plaintiff is the sole owner of the "Rose Gold Lip Art" trademark, which is registered to Plaintiff under registration number 5,296,027 on the Principal Register at the USPTO. This registration constitutes prima facie evidence that the "Rose Gold Lip Art" trademark is valid; that it is owned by Plaintiff; and that Plaintiff has the exclusive right to use the "Rose Gold Lip Art" trademark in

commerce in connection with the goods and services specified in the "Rose Gold Lip Art" Registration.

78. Furthermore, Plaintiff has continuously used the "Rose Gold Lip Art" trademark in commerce at least as early as May 2015. Meanwhile, Defendants used the Infringing Logo in commerce after the Plaintiff began using "Rose Gold Lip Art" trademark. Therefore, Plaintiff clearly has priority of use of the "Rose Gold Lip Art" trademark as against the Defendants. As such, for at least this additional reason, Plaintiff is the owner of the "Rose Gold Lip Art" trademark and has the exclusive right to use this mark in commerce.

79. Defendants' infringement of the "Rose Gold Lip Art" trademark, in the manner set forth above, *supra*, trades on the "Rose Gold Lip Art" trademark and the goodwill associated therewith, and is likely to confuse and deceive the consuming public into believing that the Defendants are associated with "Rose Gold Lip Art" trademark and/or Plaintiff.

80. The actions of the Defendants complained of herein are likely to cause confusion, to cause mistake or to deceive others into erroneously believing that the Defendants' goods are authorized by, licensed by, sponsored by, endorsed by, or otherwise associated with "Rose Gold Lip Art" trademark and/or Plaintiff. The likelihood of confusion is particularly strong because, *inter alia*, (i) the "Rose Gold Lip Art" trademark is strong due to Plaintiff's extensive use of this mark as early as May 2015 and therefore carries a high degree of consumer recognition; (ii) Plaintiff's "Rose Gold Lip Art" trademark and Defendants' Infringing Logo are highly similar; and (iii) Defendants' use of the Infringing Logo on makeup products is highly related to Plaintiff's use of the "Rose Gold Lip Art" trademark for makeup application services; (iv) Plaintiff and Defendants use the same marketing channels; and (v) on information and belief, concurrent use of the marks by the Defendants and Plaintiff has already resulted in actual confusion among consumers.

81. In view of the foregoing, and on information and belief, the acts and conduct of the Defendants complained of herein constitute willful and deliberate infringement of Plaintiff's "Rose Gold Lip Art" trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. 1114.

82. By reason of the foregoing, Plaintiff has been damaged and is being damaged by the Defendants' willful infringement of her "Rose Gold Lip Art" trademark. Therefore, pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to recover at least (i) the Defendants' profits gained from their infringement; (ii) Plaintiff's damages suffered due to the Defendants' infringement; and (iii) Plaintiff's costs in this action.

83. Moreover, Plaintiff has been and will continue to be, irreparably injured by the continued infringing acts of the Defendants, until and unless such acts are enjoined. Plaintiff has no adequate remedy at law. Therefore, in addition to the foregoing, the Defendants should be preliminarily and permanently enjoined from their infringing acts under 15 U.S.C. § 1116.

## FOURTH CAUSE OF ACTION

### (False Designation of Origin Under 15 U.S.C. § 1125(a))

84. Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

85. Defendants' use of the Infringing Logo has resulted in and continues to result in confusion, mistake and deception among consumers as to the source of origin of Defendants' and Plaintiff's products and services.

86. Defendants were at least as early as September 2016 of Plaintiff's prior rights to the "Rose Gold Lip Art" trademark.

87. By having actual and constructive knowledge of Plaintiff's rights and trademarks and continuing to use the Infringing Logo, Defendants have, without Plaintiff's consent, willfully violated 15 U.S.C. § 1125(a).

88. Defendants have done and are currently doing so with the intent to unfairly compete against Plaintiff, to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among consumers and the public, and to deceive the public into believing that Defendants' products are associated with, sponsored by, or approved by Plaintiff, when they are not.

89. Defendants' aforementioned acts and statements have caused damages to Plaintiff in an amount to be proven at trial.

90. Plaintiff is also being irreparably injured. Such irreparable injury will continue unless Defendants are permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## FIFTH CAUSE OF ACTION

### (California Statutory Unfair Competition, Cal. Bus. & Prof. Code § 17200)

91. Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

92. By virtue of the acts complained of herein, Defendants have intentionally caused a likelihood of confusion among consumers and the public and has unfairly competed with Plaintiff in violation of Cal. Bus. &Prof. Code § 17200, *et seq*.

93. Defendants' acts constitute unlawful, unfair, malicious or fraudulent business practices, which have injured and damaged Plaintiff.

94. As a direct and proximate result of Defendants' acts, Plaintiff will suffer great harm in an amount to be determined at trial. Plaintiff has also been irreparably injured and will continue to be irreparably damaged unless Defendants are enjoined from further committing unfair and unlawful business practices against Plaintiff.

## SIXTH CAUSE OF ACTION

### (Common Law Trademark Infringement)

95. Plaintiff repeats and re-allege each and every allegation above as if fully

set forth herein.

96. Defendants have caused a likelihood of confusion among the purchasing public in this District and elsewhere, thereby infringing Plaintiff's trademark rights, in violation of the common law of the State of California and the United States.

97. Plaintiff is being irreparably injured. Such irreparable injury will continue unless Defendants are permanently enjoined by this Court from further violations of Plaintiff's rights.

## SEVENTH CAUSE OF ACTION

### (California Common Law Unfair Competition)

98. Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

99. Defendants have caused a likelihood of confusion among the purchasing public in this District and elsewhere, thereby infringing Plaintiff's trademark rights, in violation of the common law of the State of California.

100.   Plaintiff is being irreparably injured. Such irreparable injury will continue unless Defendants are permanently enjoined by this Court from further violations of Plaintiff's rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants for the following relief:

a. Permanent injunctive relief against Defendants from using Plaintiff's "Rose Gold Lip Art" trademark and selling any products under the Infringing

Logo, or any other any marks likely to cause confusion with Plaintiff's trademark;

b. An accounting of, and disgorgement of, any and all profits derived by the Defendants and all damages sustained by Plaintiff, trebled, by virtue of the Defendants' infringing and illegal acts, in an amount to be determined at trial;

c. Prejudgment interest, the full costs of this action, witness fees, and the Plaintiff's attorneys' fees, pursuant to 15 U.S.C. § 505, 1117, 1118, and California Civil Code § 3288;

d. Punitive, enhanced, and exemplary damages for the Defendants' acts of unfair competition and willful infringement;

e. For any and all actual damages sustained by Plaintiff, trebled for willful infringement, in an amount to be determined at trial;

f. An award of statutory damages based on Defendants' copyright infringement, pursuant to 17 U.S.C. § 504;

g. For all of the Defendants' profits and unjust enrichment derived from their infringement of Plaintiff's copyrights;

h. A judgment that the Defendants have unfairly competed with Plaintiff and violated the trademark laws of California and the United States;

i. The destruction of all materials bearing Defendants' Infringing Logo;

j. For an order that the Defendants be held jointly and severally liable;

k. Other economic and consequential damages in an amount to be determined at trial;

l. For any other relief as the Court deems proper.

Respectfully submitted,

By:    */s/ Stephen McArthur*

Stephen Charles McArthur
Valerie McConnell
The McArthur Law Firm, PC
Attorneys for Plaintiff, Vlada Haggerty
400 Corporate Pointe, 3rd Floor
Culver City, CA 90230
(323) 639-4455

Dated:  January 5, 2018

## **DEMAND FOR JURY TRIAL**

      Plaintiff hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues in this lawsuit.


By:    _/s/ Stephen McArthur_

Stephen Charles McArthur
Valerie McConnell
The McArthur Law Firm, PC
Attorneys for Plaintiff, Vlada Haggerty
400 Corporate Pointe, 3rd Floor
Culver City, CA 90230
(323) 639-4455


Dated:  January 5, 2018